# United States Court of Appeals for the Fifth Circuit

---

No. 24-10297

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

Sharon Couch; Dickey Couch,

*Plaintiffs—Appellants*,

*versus*

The Bank of New York Mellon, *formerly known as* The Bank of New York *as successor in interest to* JPMorgan Chase Bank, N.A. *as Trustee for* Novastar Mortgage Funding Trust, Series 2005-4, Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-4,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-85

---

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

This appeal arises out of mortgagee Bank of New York Mellon's foreclosure and sale of Sharon and Dickey Couch's home. The Couches filed a quiet title action seeking a declaratory judgment that the Bank had no claim

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to the property because (1) the four-year statute of limitations period to sell lapsed, and (2) the Couches adversely possessed the home. The district court granted the Bank's Rule 12(b)(6) motion to dismiss, concluding the relevant Texas statute did not require a sale within four years. The district court also granted the Bank's Rule 12(c) motion, holding that the Couches had not satisfied the applicable adverse possession period. We AFFIRM.

Rule 12(b)(6) dismissals and Rule 12(c) judgments on the pleadings are reviewed *de novo* under the same Rule 12(b)(6) standard. *Vardeman v. City of Houston*, 55 F.4th 1045, 1049–50 (5th Cir. 2022). A court may dismiss a complaint as a matter of law when the plaintiff fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

The Couches fail to state a quiet title claim based on limitations. Under Texas law, a "person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). Similarly, a "sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." *Id.* § 16.035(b). When a note or deed of trust contains an optional acceleration clause, the foreclosure "action accrues . . . when the holder actually exercises its option to accelerate.'" *HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199, 203 (5th Cir. 2018) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). "Once the four-year limitations period has expired, both the real property lien and the power of sale to enforce the real property lien become void" under § 16.035(d). *Metcalf v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-16-00795-CV, 2017 WL 1228886, at *3 (Tex. App.—Austin Mar. 29, 2017, pet. denied).

The Couches contend that § 16.025(a) and (b) require mortgagees to file suit *and* sell within four years to preserve the lien. Texas courts disagree. Section 16.035(a) "does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking foreclosure '*bring suit* . . . not later than four years after the day the cause of action accrues.'" *Slay v. Nationstar Mortg., L.L.C.*, No. 2-09-052-CV, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25, 2010, pet. denied) (emphasis added) (quoting § 16.035(a)). For this reason, when the mortgagee "complie[s] with § 16.035(a)" by filing a claim for judicial or non-judicial foreclosure "within the four year limitations period," the mortgagee is "not required to satisfy both sections 16.035(a) and 16.035(b) in order to preserve the validity of the lien." *Pittman v. Seterus, Inc.*, No. 3:18-CV-3076-M-BH, 2019 WL 2425196, at *6 (N.D. Tex.) (collecting cases), *rec. adopted*, No. 3:18-CV-3076-M, 2019 WL 2425189 (N.D. Tex. June 6, 2019), *aff'd*, 786 F. App'x 14 (5th Cir. 2019). Stated otherwise, a claim for either judicial or non-judicial "foreclosure preserve[s] the validity of the real property lien under section 16.035(a) and therefore [the mortgagee is] not time-barred from pursuing foreclosure." *Santiago v. Bank of N.Y. Mellon*, No. 4:18-CV-533, 2019 WL 4267437, at *5 (E.D. Tex. Sept. 10, 2019), *aff'd*, 802 F. App'x 855 (5th Cir. 2020); *see also Pittman*, 786 F. App'x at 15 n.2 (citing *Metcalf*, 2017 WL 1228886, at *4).

The Bank accelerated the note on August 5, 2014 and filed a counterclaim for judicial foreclosure the *same day* in response to the Couches' initial action. The Bank's counterclaim satisfied the four-year statute of limitations and preserved its lien.

The Couches also contend that they own the property via adverse possession because they have possessed the property for approximately eight years since the Bank purportedly obtained the right to foreclose. But "it is well-settled in Texas that, for adverse possession purposes, the statute of

3

limitations does not run against the mortgagee out of possession and in favor of an adverse claimant until the mortgagee acquires title to land at the foreclosure sale." *Tex. Cap. Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 WL 1125425, at *2 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied). For this reason, the adverse possession clock did not start until the Bank acquired the property at the constable's sale. The Couches have not adversely possessed the property for a sufficient period of time under any of the potentially applicable periods. *See* Tex. Civ. Prac. & Rem. Code §§ 16.024–026 (explaining circumstances for three-, five-, and ten-year adverse possession periods).

Because the Couches failed to state a quiet title claim under either limitations or adverse possession theories, we AFFIRM.